**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN DIAMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-06041 |
| v. | ) | |
| | ) | Judge Kocoras |
| SIEMENS INDUSTRY, INC., | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO QUASH
DEFENDANT'S NON-PARTY SUBPOENAS**

Plaintiff Justin Diamond hereby moves this Court, pursuant to Federal Rule of Civil Procedure 45(c)(3), for an Order Quashing the Subpoenas for Documents that defendant Siemens Industry, Inc., ("Siemens") served upon four nonparties to this litigation. In support of its motion, Mr. Diamond states as follows:

**I.      SIEMENS' SUBPOENAS**

Mr. Diamond filed his Complaint on May 6, 2019, alleging that his termination from Siemens was discriminatory on the basis of his national origin after his supervisor directed national-origin-related slurs against him and humiliated him in front of large groups of employees based on his national origin. He also alleges that he was retaliated against after lodging extensive complaints with multiple individuals and departments at Siemens.

On November 25, 2019, Siemens provided notice to plaintiff's counsel that it intended to serve seven nonparty subpoenas on current and past employers and business partners of Mr. Diamond. Among other information, Siemens sought correspondence, employment applications, time and attendance records, disciplinary records, and payroll records from Mr. Diamond's current and prior employers and business partners. Exhibit A (Notice of Service of Subpoenas).

Mr. Diamond's counsel objected to the service of these subpoenas, explaining that

[c]ontacting current and prior employers is a tactic used to intimidate and harass, and the subpoenas seek information not reasonably related to the claims and defenses in this case. If you have questions about Mr. Diamond's work at prior employers, you can ask him at his deposition – that is the least intrusive and least burdensome manner of seeking such information. If your argument is that you need prior work records to establish Mr. Diamond's credibility, then issuing seven subpoenas is far overbroad. Even if relevant, the likely benefit of such discovery would be minimal and would probably be inadmissible at trial. The burden imposed by such subpoenas would be very substantial, as they could result in reputational damage to the plaintiff.

Exhibit B (Emails between counsel). Mr. Diamond's counsel also provided additional reasoning and case law from this District and elsewhere at the request of Siemens' counsel. *Id.*

In response, Siemens failed to adequately explain why it believed it could not obtain the information it sought from a less-intrusive means, including by asking Mr. Diamond directly at his deposition. Instead, it proposed to limit its subpoenas to four prior employers, rather than the original seven, but it actually *broadened* the scope of requested documents to include

[d]ocumentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment; Any and all documents reflecting any write-ups, written warnings, or other disciplinary action; and Documents related to grievances, complaints, and claims filed by Mr. Diamond.

*Id*. Plaintiff reiterated and clarified his objections and provided additional case law. On December 5, 2019, Siemens served notice that it had served the four subpoenas to Mr. Diamond's prior employers Apex Systems, Sikich, CareerBuilder, and WDRV 97.1 FM The Drive over plaintiff's objections. Exhibit C. As such, the parties have conferred in good faith but have been unable to reach an accord.

## II.    LEGAL STANDARD

The scope of discovery under Rule 26 is broad but not unlimited: the 2015 amendments limit discovery to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the

action…" as well as "the importance of the discovery in resolving the issues…" Fed.R.Civ.P. 26(b)(1). And like all forms of discovery, subpoenas issued pursuant to Rule 45 are limited to relevant information. *Salas v. 3M Company, et al*., No. 08-CV-1614, 2008 U.S. Dist. LEXIS 124993, *2 (N.D.Ill. Aug. 28, 2008).

The Court has broad discretion in ruling on a motion to quash. *Peate v. McCann*, 294 F.3d 879, 884 (7th Cir. 2002). Rule 26(c)(1) provides that a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden…." Under Rule 45(c)(3), the court must quash or modify a subpoena that subjects a nonparty to undue burden. *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). To determine whether a subpoena is unduly burdensome, courts weigh several factors, including: (1) relevance; (2) the need for the documents; (3) the scope of the document request; and (4) the burden imposed. *Salas*, 2008 U.S. Dist. LEXIS 124993 at *1.

The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Pac. Century Int'l*, 282 F.R.D. at 193. On motion by a party or on the Court's own motion, "the Court must limit discovery where it 'can be obtained from some other source that is more convenient, less burdensome, or less expensive,' or where 'the proposed discovery is outside the scope permitted by Rule 26(b)(1).'" *U.S. v. Handrup*, 2016 U.S. Dist. LEXIS 188443, *3 (N.D.Ill. July 11, 2016) (quoting Fed. R. Civ. P. 26(b)(2)(C)). In addition, the Court may also "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1).

## III.    ARGUMENT

First, the subpoenas to Mr. Diamond's prior employers do not seek relevant information. An open-ended search through his employment files in the hope of finding evidence to impeach is without basis. Siemens has articulated absolutely no legitimate reason it thinks such information

might be relevant to any claim or defense. Instead, it appears Siemens' subpoenas are an attempt to locate irrelevant character evidence that has no bearing on whether Siemens discriminated against or retaliated against Mr. Diamond on the basis of his national origin – a practice is certainly not permitted by the Federal Rules. See Federal Rule of Evidence 404(a) (propensity evidence inadmissible). Siemens is well aware that under this Rule, records from other employers may not be used to infer bad conduct with the subject employer, even if such conduct were at issue in this case (which it is not). *Hogan v. Hanks*, 97 F.3d 189, 191 (7th Cir. 1996); *Handrup*, 2016 U.S. Dist. LEXIS 188443, at *2. To the extent Siemens intends to argue that it is entitled to other "complaints" that Mr. Diamond has filed, Mr. Diamond has already answered Siemens' interrogatories and has disclosed the sole complaint he filed against a prior employer – and has explained that it was based on retaliation for reporting misconduct in the workplace. Siemens is welcome to ask him about that complaint as his deposition.

Second, the subpoenas are unduly harassing and burdensome. This Court has long recognized that a plaintiff can suffer reputational damage when his prior employers are subpoenaed. *Handrup*, 2016 U.S. Dist. LEXIS 188443, at * 2, *Brown v. Yellow Transp., Inc*., No. 08 C 5908, 2009 WL 3270791, at *5 (N.D. Ill. Oct. 9, 2009); *Salas*, 2008 U.S. Dist. LEXIS 124993 at ("[e]specially in employment discrimination cases, if filing such cases 'opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a serious risk that such discovery can become 'an instrument for delay or oppression'") (quoting *Perry v. Best Lock Corp*., No. 98-936, 1999 WL 33494858, at *2 (S.D. Ind. January 21, 1999). The danger to Mr. Diamond of reputational damage far outweighs any need Siemens has articulated for what appears to be a fishing expedition.

Third, Siemens has not sought less-burdensome means for obtaining the information. Siemens has not even taken Mr. Diamond's deposition. It cannot credibly argue that he has refused

to produce information related to prior employers until it asks him. *See Moore v. PlasmaCare, Inc.*, No. 1:11-CV-01090-SEB, 2012 WL 602623, at *2 (S.D. Ind. Feb. 23, 2012) ("Requesting information from [Plaintiff's] current employer is premature and potentially duplicative. [Defendant] should first access the information they seek directly from [Plaintiff] through taking his deposition."). Especially given the vanishingly slim relevance of any of these documents, the breadth of Siemens' subpoenas poses a burden on Mr. Diamond that outweighs their potential benefit.

## IV.    CONCLUSION

For the reasons presented above, Mr. Diamond respectfully requests that the Court enter a protective order preventing service on and/or an order quashing the four subpoenas served by Siemens on Apex Systems, Sikich, CareerBuilder, and WDRV 97.1 The Drive.

Dated: December 11, 2019                 Respectfully Submitted,

                                         /s/ Jamie S. Franklin

Jamie S. Franklin, ARDC No. 6242916
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Ste. 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document, Plaintiff's Motion to Quash, was served via the Court's ECF System on December 11, 2019 on the following parties:

/s/ Jamie S. Franklin

Service List:

Maria A. Boelen
Baker & Hostetler LLP
One North Wacker Drive, Suite 4500
Chicago, IL 60606
mboelen@bakerlaw.com

Joyce Ackerbaum Cox
Baker & Hostetler LLP
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
jacox@bakerlaw.com

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JUSTIN DIAMOND,**

     **Plaintiff,**

v.                           **CASE NO.: 1:19-cv-03039**

**SIEMENS INDUSTRY, INC.,**

     **Defendant.**

_____/

<u>**DEFENDANT'S NOTICE OF SERVICE OF SUBPOENAS**</u>

**TO:**   **Jamie S. Franklin**
      **The Franklin Law Firm LLC**
      **53 W. Jackson Blvd., Suite 803**
      **Chicago, IL 60604**
      jsf@thefranklinlawfirm.com

YOU ARE NOTIFIED that the undersigned will issue the attached subpoenas to the following non-parties to produce the items listed at the time and place specified in the subpoenas:

1. System4 Facility Services
   4700 Rockside Road, Suite 610
   Independence, OH 44131

2. Apex Systems
   4400 Cox Road, Suite 200
   Glen Allen, VA 23060

3. Sikich
   1415 W. Diehl Road, Suite 400
   Naperville, IL 60563-2349

4. CareerBuilder
   200 N. LaSalle Boulevard, Suite 100
   Chicago, IL 60601

5. AT&T Wireless
   CT Corporation System
   208 S. Lasalle Street, #814
   Chicago, IL 60604

6. WDRV 97.1 FM The Drive
   One Prudential Plaza
   130 E. Randolph Street, Suite 2700
   Chicago, IL 60601

7. Crescent Electric Supply
   1700 Estes Avenue
   Elk Grove Village, IL 60007

Dated: November 25, 2019.

Respectfully submitted,

/s/ *Maria A. Boelen.*
Joyce Ackerbaum Cox (*pro hac vice*)
**BAKER & HOSTETLER LLP**
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
T:  (407) 649-4000
F:  (407) 841-0168
jacox@bakerlaw.com

Maria A. Boelen
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
T:  (312) 416-6200
F:  (312) 416-6201
mboelen@bakerlaw.com

*Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on November 25, 2019 she caused a true and correct copy of the foregoing **Defendant's Notice of Service of Subpoenas** to be served on the party below via email:

> **Jamie S. Franklin**
> **The Franklin Law Firm LLC**
> **53 W. Jackson Blvd., Suite 803**
> **Chicago, IL 60604**
> <u>jsf@thefranklinlawfirm.com</u>
>
> *Counsel for Plaintiff*

<u>Maria A. Boelen</u>
Maria A. Boelen

043859.000025 4846-9442-6030.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN DIAMOND, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| SIEMENS INDUSTRY, INC., | | |
| | | |
| **Defendant.** | | |

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

TO:    System4 Facility Services
       4700 Rockside Road, Suite 610
       Independence, OH 44131
       216.524.6100

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      **(SEE EXHIBIT "A" ATTACHED)**

| **Place:**  BAKER HOSTETLER, LLP<br>       One North Wacker Drive, Suite 4500<br>       Chicago, IL  60606-2841 | **Date and Time:** Wednesday, December 18, 2019<br>10:00 a.m. |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2019

      *CLERK OF COURT*

                                       OR

   *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ˀ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

      ˀ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

           _____
                           *Server's signature*

           _____
                           *Printed name and title*

           _____
                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

**Name of Franchise:**     **Justin Diamond**
**Date of Birth:**       **May 15, 1980**
**Social Security Number:**    **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**

All correspondence between System4 Facility Services and Justin Diamond and/or Diamond Industries, LLC d/b/a System4 Chicago; and all documents related to Diamond Industries, LLC and/or System4 Chicago.

To the extent Mr. Diamond was ever an employee of System4, please provide a copy of his complete personnel file, including but not limited to his application for employment, resume, documents that reflect his work duties and responsibilities, his time and attendance records, any disciplinary records, any sub-files and / or separate files maintained on his behalf, and payroll records.

**Please note:**

\*  **Baker & Hostetler LLP will be responsible for the copy costs. Please advise if the cost of copying the documents will exceed $100.00.**

\*\*  **You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:**

**Baker & Hostetler LLP**
**Attn: Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*  **You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.**

043859.000025 4820-1996-6637.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | ) | |
| | | |
| **Defendant.** | | |

---

### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     Apex Systems
        4400 Cox Road, Suite 200
        Glen Allen, VA  23060
        (844) 463-6178

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
**(SEE EXHIBIT "A" ATTACHED)**

| **Place:**  BAKER HOSTETLER, LLP<br>One North Wacker Drive, Suite 4500<br>Chicago, IL  60606-2841 | **Date and Time:** Wednesday, December 18, 2019<br>10:00 a.m. |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

---

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2019

*CLERK OF COURT*

_____        OR        _____
     *Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

---

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ꝰ  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ꝰ  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                       _____
                                                *Server's signature*

                                       _____
                                             *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT "A"**</u>

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

**JUSTIN DIAMOND'S** complete personnel file with Apex Systems, Inc. ("Apex"), including but not limited to his application for employment, resume, documents that reflect his work duties and responsibilities, his time and attendance records, any disciplinary records, any sub-files and / or separate files maintained on his behalf, and payroll records.

Mr. Diamond presented he worked for Apex from June 2012 to September 2015 as a Director, National Accounts in Chicago, Illinois, and listed Mathew Kehrer as his supervisor.

<u>**Please note:**</u>

**\*      Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.**

**\*\*      You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:**

**Baker & Hostetler LLP**
**Attn: Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

**\*\*\*      You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.**

043859.000025 4826-4753-9373.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **JUSTIN DIAMOND,** | ) |
| | ) |
| **Plaintiff,** | )     **CASE NUMBER: 1:19-cv-03039** |
| | ) |
| **v.** | ) |
| | ) |
| **SIEMENS INDUSTRY, INC.,** | ) |
| | |
| **Defendant.** | |

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     Sikich
        1415 W. Diehl Road, Suite 400
        Naperville, IL 60563-2349
        (630) 566-8400

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      **(SEE EXHIBIT "A" ATTACHED)**

| Place:   BAKER HOSTETLER, LLP<br>        One North Wacker Drive, Suite 4500<br>        Chicago, IL 60606-2841 | Date and Time: Wednesday, December 18, 2019<br>                     10:00 a.m. |

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2019

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk                       Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

      I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

**JUSTIN DIAMOND'S** complete personnel file with Sikich, including but not limited to his application for employment, resume, documents that reflect his work duties and responsibilities, his time and attendance records, any disciplinary records, any sub-files and / or separate files maintained on his behalf, and payroll records.

Mr. Diamond presented he worked for Sikich from January 2011 to May 2012 as a National Director, CRM in Naperville, Illinois, and listed Jim Drumm as his supervisor.

**Please note:**

\*      Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.

\*\*      You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:

**Baker & Hostetler LLP**
**Attn:  Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*      You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

043859.000025 4837-7567-6077.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | ) | |
| | | |
| **Defendant.** | | |

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     CareerBuilder
        200 N. LaSalle Boulevard, Suite 1100
        Chicago, IL 60601
        (773) 527-3600

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
       **(SEE EXHIBIT "A" ATTACHED)**

| **Place:** BAKER HOSTETLER, LLP<br>One North Wacker Drive, Suite 4500<br>Chicago, IL 60606-2841 | **Date and Time:** Wednesday, December 18, 2019<br>10:00 a.m. |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2019

        *CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

⌐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

⌐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

**JUSTIN DIAMOND'S** complete personnel file with CareerBuilder, including but not limited to his application for employment, resume, documents that reflect his work duties and responsibilities, his time and attendance records, any disciplinary records, any sub-files and / or separate files maintained on his behalf, and payroll records.

Mr. Diamond presented he worked for CareerBuilder from June 2010 to December 2010 as a National Account Manager in Chicago, Illinois, and listed Bill Peterson as his supervisor.

**Please note:**

\*       Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.

\*\*       You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:

**Baker & Hostetler LLP**
**Attn:  Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*       You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

043859.000025 4845-6597-4701.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | | |
| | | |
| **Defendant.** | | |

---

### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     AT&T Wireless
        CT Corporation System
        208 S. Lasalle Street, #814
        Chicago, IL 60604
        (312) 263-1414

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    **(SEE EXHIBIT "A" ATTACHED)**

| Place:  BAKER HOSTETLER, LLP<br>One North Wacker Drive, Suite 4500<br>Chicago, IL  60606-2841 | Date and Time: Wednesday, December 18, 2019<br>10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2019

*CLERK OF COURT*

                                                                OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

**Name of Employee:**        **Justin Diamond**
**Date of Birth:**        **May 15, 1980**
**Social Security Number of Employee:**        **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**

**JUSTIN DIAMOND'S** complete personnel file with Cingular Wireless Corporate Markets Group (currently known as AT&T Wireless), including but not limited to his application for employment, resume, documents that reflect his work duties and responsibilities, his time and attendance records, any disciplinary records, any sub-files and / or separate files maintained on his behalf, and payroll records.

Mr. Diamond presented he worked for Cingular Wireless Corporate Markets Group from August 2004 to March 2006 as a Senior Consultant in Chicago, Illinois, and listed Dave O'Connor as his supervisor.

**Please note:**

\*       **Baker & Hostetler LLP will be responsible for the copy costs. Please advise if the cost of copying the documents will exceed $100.00.**

\*\*       **You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:**

**Baker & Hostetler LLP**
**Attn: Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*       **You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.**
043859.000025 4841-8245-8029.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUSTIN DIAMOND,                    )
                                   )
      **Plaintiff,**                )     **CASE NUMBER: 1:19-cv-03039**
                                   )
           **v.**                )
                                   )
SIEMENS INDUSTRY, INC.,            )
                                   )
      **Defendant.**

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:    WDRV 97.1 The Drive
       One Prudential Plaza
       130 E. Randolph Street, Suite 2700
       Chicago, IL 60601
       (312) 274-9710

    ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    **(SEE EXHIBIT "A" ATTACHED)**

| **Place:**  BAKER HOSTETLER, LLP<br>       One North Wacker Drive, Suite 4500<br>       Chicago, IL  60606-2841 | **Date and Time:** Wednesday, December 18, 2019<br>              10:00 a.m. |

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2019

           *CLERK OF COURT*

_____   OR  _____
   *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

⁀  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

⁀  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

**JUSTIN DIAMOND'S** complete personnel file with WDRV 97.1 FM The Drive, including but not limited to his application for employment, resume, documents that reflect his work duties and responsibilities, his time and attendance records, any disciplinary records, any sub-files and / or separate files maintained on his behalf, and payroll records.

Mr. Diamond presented he worked for WDRV 97.1 FM The Drive from January 2010 to May 2010 as a Senior Account Director in Chicago, Illinois, and listed Nick Lombardi as his supervisor.

**Please note:**

\*      Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.

\*\*      You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:

**Baker & Hostetler LLP**
**Attn:  Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*      You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

043859.000025 4818-1562-5389.1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | ) | |
| | | |
| **Defendant.** | | |

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     Crescent Electric Supply
        1700 Estes Avenue
        Elk Grove Village, IL 60007
        (847) 290-8899

        ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        **(SEE EXHIBIT "A" ATTACHED)**

| **Place:**  BAKER HOSTETLER, LLP | **Date and Time:** Wednesday, December 18, 2019 |
|---|---|
| One North Wacker Drive, Suite 4500 | 10:00 a.m. |
| Chicago, IL  60606-2841 | |

        ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 25, 2019

            *CLERK OF COURT*

            _____        OR    _____
            *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

> I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

> I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                                _____
                                                      *Printed name and title*

                                                _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A"**

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

**JUSTIN DIAMOND'S** complete personnel file with Crescent Electric Supply, including but not limited to his application for employment, resume, documents that reflect his work duties and responsibilities, his time and attendance records, any disciplinary records, any sub-files and / or separate files maintained on his behalf, and payroll records.

Mr. Diamond presented he worked for Crescent Electric Supply from June 2002 to April 2004 as an Account Executive in Elk Grove Village, Illinois, and listed Mike Toby as his supervisor.

<u>**Please note:**</u>

\*       Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.

\*\*       You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:

**Baker & Hostetler LLP**
**Attn:  Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*       You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.
043859.000025 4834-1188-5741.1

# Exhibit B

**Subject:** RE: Diamond v. Siemens

**Date:** Monday, December 2, 2019 at 12:30:57 PM Central Standard Time

**From:** Boelen, Maria A.

**To:** jsf thefranklinlawfirm.com

**CC:** Ackerbaum Cox, Joyce

**Attachments:** image030.jpg, image031.jpg, image032.jpg, image002.jpg, image004.jpg, image006.jpg, image008.jpg, image009.jpg, image010.jpg, image012.jpg, image013.jpg, image014.jpg, image016.jpg

Jamie,

The cases you cite do not prohibit limited discovery requests to Mr. Diamond's former employers and are certainly not dispositive. They merely indicate that Siemens should identify specific reasons why information sought is relevant to a particular claim or defense. Whether those reasons justify the requests is a fact-intensive inquiry, and I am confident that if we were to present this issue to Judge Cole that he would base his decision on the specific facts before him. The holdings of the cases you cite are fact specific.

*Salas* involved a claim of wrongful denial of FMLA leave, and the court found that the defendant did not present a sufficient basis for intruding into the plaintiff's present employment relationship. As stated previously, we agreed not to send the subpoena to System4 based on the information currently known to us. Unlike in *Salas*, Mr. Diamond's performance is as issue. Further, Mr. Diamond admitted to filing a similar discrimination complaint against a prior employer. Accordingly, our requests to prior employers regarding his disciplinary history and prior complaints or grievances are reasonably justified and related to the claims and defenses in this case.

In *Yellow*, the proposed subpoenas did not include any reasonable limitations, and the employer asserted two basis for requesting the information that are irrelevant to our case. The first justification involved whether a named plaintiff would fairly and adequality represent the proposed class, and the second justification failed because the court found that the employer's specific reason for issuing the subpoenas was insufficient to justify their broad scope. As stated previously, we proposed reasonable limitations, which are justified by the facts in this case.

*Autozone* also addressed subpoenas to the claimants' subsequent employers. Even though your client states that he did not receive any subsequent offers of employment, we are willing to forego discovery with respect to his current business relationships at this time. We continue to reserve the right to reconsider if we uncover any information that would justify seeking such discovery.

In light of your concerns, we presented you with a proposal to reasonably limit the subpoenas. We are not required to take your client's word at face value, and his contentions at a deposition do not foreclose further inquiry. *See Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620 (N.D. Ill. 2016). If you have specific concerns with any of our limited requests or you would like to present a counterproposal, please let us know.

Regards,

**Maria Boelen**
Associate
_____

**BakerHostetler**
One North Wacker Drive | Suite 4500

Chicago, IL 60606-2841
T +1.312.416.8174

mboelen@bakerlaw.com
bakerlaw.com



---

**From:** jsf thefranklinlawfirm.com <jsf@thefranklinlawfirm.com>
**Sent:** Wednesday, November 27, 2019 7:52 AM
**To:** Boelen, Maria A. <mboelen@bakerlaw.com>; Ackerbaum Cox, Joyce <jacox@bakerlaw.com>
**Subject:** Re: Diamond v. Siemens

Maria,

Please explain why you think you have a "reasonable basis" for seeking the discovery covered by these proposed limitations on the subpoenas. Please explain why you do not believe it is sufficient to begin by asking Mr. Diamond about all these subjects in his deposition – the preferred first method for seeking such information, according to the copious case law I sent you. Your citation of one Central District case cannot compete with the list of cases from our district that are directly on point. *Salas* and *Yellow* are employment cases in the Northern District and are dispositive on this issue. See also *United States EEOC v. AutoZone, Inc.*, No. 14-cv-3385, 2016 U.S. Dist. LEXIS 172999 *12-13 (N.D.Ill. Dec. 14, 2016), which I failed to include in my prior list.

We cannot agree to your compromise and continue to object to each of these subpoenas. This is a routine employment discrimination case in which defendant's counsel is attempting to punish the plaintiff for having the temerity to sue his former employer by issuing a flurry of subpoenas that could embarrass him (at a minimum) and even, possibly, interfere with current or future business relationships. I will not allow that to happen. I litigated this issue before Judge Cole approximately one year ago and I know that he is sensitive to the issue and will rule accordingly.

Jamie

**Jamie S. Franklin**



53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604

(312) 662-1008
(312) 662-1015 (fax)
(312) 498-5143 (mobile)
website

---

**From:** Maria Boelen <mboelen@bakerlaw.com>
**Date:** Tuesday, November 26, 2019 at 4:55 PM
**To:** "jsf@thefranklinlawfirm.com" <jsf@thefranklinlawfirm.com>
**Cc:** "Manser, Debra" <DManser@bakerlaw.com>, "Ackerbaum Cox, Joyce" <jacox@bakerlaw.com>,
"Morris, Vicki R." <vmorris@bakerlaw.com>
**Subject:** RE: Diamond v. Siemens

Jamie,

We do not agree that the cases you cite are applicable because they either do not relate to claims of
discrimination or are from other jurisdictions. We are entitled to seek discovery that is broader that what may
be admissible and believe that we have a reasonable basis for doing so in this case. But in an effort to resolve
this matter without engaging in motion practice, we propose limiting the subpoenas to Mr. Diamond's prior
employers to the following requests:

- Documentation pertaining to hire date, termination date, the reason for termination and the dates
  and/or reasons for any lay off during employment;
- Any and all documents reflecting any write-ups, written warnings, or other disciplinary action; and
- Documents related to grievances, complaints, and claims filed by Mr. Diamond.

These requests are consistent with *Cady v. Superior Pool Prod., LLC*, No. 13-CV-1533, 2014 WL 6461393 (C.D.
Ill. Nov. 18, 2014). In particular, the requested information is related to Mr. Diamond's credibility and to
establishing that Mr. Diamond's performance was unsatisfactory. Siemens seeks to establish that Mr.
Diamond made prior similar unsupported allegations of discrimination and that he has been terminated from
prior positions based on the same performance type issues.

At this time, we are also willing to hold off on sending a subpoena to System4. We reserve the right to revisit
this subpoena based on Mr. Diamond's document production and answers during his deposition. We also
reserve the right to revisit all of the subpoenas based on information uncovered during discovery.

Regards,

**Maria Boelen**
Associate

---

BakerHostetler

One North Wacker Drive | Suite 4500
Chicago, IL 60606-2841
T +1.312.416.8174

mboelen@bakerlaw.com
bakerlaw.com



---

**From:** jsf thefranklinlawfirm.com <jsf@thefranklinlawfirm.com>
**Sent:** Tuesday, November 26, 2019 9:27 AM
**To:** Ackerbaum Cox, Joyce <jacox@bakerlaw.com>; Morris, Vicki R. <vmorris@bakerlaw.com>

**Cc:** Boelen, Maria A. <mboelen@bakerlaw.com>; Manser, Debra <DManser@bakerlaw.com>
**Subject:** Re: Diamond v. Siemens

Joyce,

See the attached orders from our District granting motions to quash subpoenas in similar situations:

U.S., ex rel. Kenya Sibley, v. Handrup, M.D., Ltd., No. 13-cv-7733 (N.D.Ill.) (July 11, 2016) (Valdez, M.J.)

Salas v. 3M Company, et al., 08-cv-1614 (N.D.Ill.) (Aug. 28, 2008) (Cox, M.J.)

These orders discuss the relevant rules and case law and explain why the seven subpoenas you propose to serve are inappropriate at this stage in the case.

See also

Shelvy v. Wal-Mart Stores, E., L.P., No. 11 CV 9176, 2014 WL 3882487, at *3 (N.D. Ill. Aug. 7, 2014); Brown v. Yellow Transp., Inc., No. 08 C 5908, 2009 WL 3270791, at *5 (N.D. Ill. Oct. 9, 2009); Delgado v. Mak, No. 06C3757, 2008 WL 4367458, at *5 (N.D. Ill. Mar. 31, 2008); Guercia v. Equinox Holdings, Inc., No. 11 CIV. 6775, 2013 WL 2156496, at *4 (S.D.N.Y. May 20, 2013); Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 241 (E.D. Va. 2012); Blotzer v. L-3 Commc'ns Corp., 287 F.R.D. 507, 510 (D. Ariz. 2012); Moore v. PlasmaCare, Inc., No. 1:11-CV-01090-SEB, 2012 WL 602623, at *2 (S.D. Ind. Feb. 23, 2012); Conrod v. Bank of New York, 1998 LEXIS 11634, *4 (S.D.N.Y. July 28, 1998), Richards v. Convergys Corp., 2007 WL 474012 at *1 (D. Utah Feb. 7, 2007), Perry v. Best Lock Corp., 1999 WL 33494858, (S.D. Ind. 1999).

Best regards,
Jamie


**Jamie S. Franklin**



53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
(312) 498-5143 (mobile)
website

---

**From:** "Ackerbaum Cox, Joyce" <jacox@bakerlaw.com>
**Date:** Monday, November 25, 2019 at 5:08 PM
**To:** "jsf@thefranklinlawfirm.com" <jsf@thefranklinlawfirm.com>, "Morris, Vicki R." <vmorris@bakerlaw.com>
**Cc:** Maria Boelen <mboelen@bakerlaw.com>, "Manser, Debra" <DManser@bakerlaw.com>
**Subject:** RE: Diamond v. Siemens

We disagree but please provide the case law upon which you rely and we will review the same. Thank you.

---

**From:** jsf thefranklinlawfirm.com <jsf@thefranklinlawfirm.com>
**Sent:** Monday, November 25, 2019 6:02 PM
**To:** Ackerbaum Cox, Joyce <jacox@bakerlaw.com>; Morris, Vicki R. <vmorris@bakerlaw.com>
**Cc:** Boelen, Maria A. <mboelen@bakerlaw.com>; Manser, Debra <DManser@bakerlaw.com>
**Subject:** RE: Diamond v. Siemens

Counsel,

Contacting current and prior employers is a tactic used to intimidate and harass, and the subpoenas seek information not reasonably related to the claims and defenses in this case. If you have questions about Mr. Diamond's work at prior employers, you can ask him at his deposition – that is the least intrusive and least burdensome manner of seeking such information. If your argument is that you need prior work records to establish Mr. Diamond's credibility, then issuing seven subpoenas is far overbroad. Even if relevant, the likely benefit of such discovery would be minimal and would probably be inadmissible at trial. The burden imposed by such subpoenas would be very substantial, as they could result in reputational damage to the plaintiff.

I am happy to brief the issue and provide you with case law and recent orders from our district judges quashing similar subpoenas, though I am sure you probably have that information in your possession already.

Let me know your position.

Thank you,
Jamie

**Jamie S. Franklin**



53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
(312) 498-5143 (mobile)
jsf@thefranklinlawfirm.com
website

---

**From:** Ackerbaum Cox, Joyce [mailto:jacox@bakerlaw.com]
**Sent:** Monday, November 25, 2019 4:45 PM
**To:** jsf thefranklinlawfirm.com <jsf@thefranklinlawfirm.com>; Morris, Vicki R. <vmorris@bakerlaw.com>
**Cc:** Boelen, Maria A. <mboelen@bakerlaw.com>; Manser, Debra <DManser@bakerlaw.com>
**Subject:** RE: Diamond v. Siemens

What is the basis for your objection?

---

**From:** jsf thefranklinlawfirm.com <jsf@thefranklinlawfirm.com>
**Sent:** Monday, November 25, 2019 5:37 PM
**To:** Morris, Vicki R. <vmorris@bakerlaw.com>
**Cc:** Ackerbaum Cox, Joyce <jacox@bakerlaw.com>; Boelen, Maria A. <mboelen@bakerlaw.com>; Manser, Debra <DManser@bakerlaw.com>
**Subject:** RE: Diamond v. Siemens

Counsel,

I received the notice that you intend to serve subpoenas on seven previous employers of Mr. Diamond. We object to the service of any such subpoenas and intend to move to quash if service is attempted. I am available tomorrow to discuss.

Best regards,
Jamie

**Jamie S. Franklin**



53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
(312) 498-5143 (mobile)
jsf@thefranklinlawfirm.com
website

---

**From:** Morris, Vicki R. [mailto:vmorris@bakerlaw.com]
**Sent:** Monday, November 25, 2019 4:27 PM
**To:** jsf thefranklinlawfirm.com <jsf@thefranklinlawfirm.com>
**Cc:** Ackerbaum Cox, Joyce <jacox@bakerlaw.com>; Boelen, Maria A. <mboelen@bakerlaw.com>; Manser, Debra <DManser@bakerlaw.com>
**Subject:** Diamond v. Siemens

Counsel:

Attached please find Defendant's Notice of Service of Subpoenas.

Thank you,
Vicki

**Vicki Morris, FRP**
Paralegal

---

BakerHostetler
SunTrust Center
200 South Orange Avenue | Suite 2300
Orlando, FL 32801-3432
T +1.407.649.4039

vmorris@bakerlaw.com
bakerlaw.com

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,

destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUSTIN DIAMOND,

      Plaintiff,

      v.                            CASE NO.:  1:19-cv-03039

SIEMENS INDUSTRY, INC.,

      Defendant.
_____/

## DEFENDANT'S NOTICE OF SERVICE OF SUBPOENAS

TO:    **Jamie S. Franklin**
        **The Franklin Law Firm LLC**
        **53 W. Jackson Blvd., Suite 803**
        **Chicago, IL 60604**
        jsf@thefranklinlawfirm.com

    YOU ARE NOTIFIED that the undersigned will issue the attached subpoenas to the following non-parties to produce the items listed at the time and place specified in the subpoenas:

        Apex Systems
        4400 Cox Road, Suite 200
        Glen Allen, VA 23060

        Sikich
        1415 W. Diehl Road, Suite 400
        Naperville, IL 60563-2349

        CareerBuilder
        200 N. LaSalle Boulevard, Suite 100
        Chicago, IL 60601

        WDRV 97.1 FM The Drive
        One Prudential Plaza
        130 E. Randolph Street, Suite 2700
        Chicago, IL 60601

Dated:  December 5, 2019.

Respectfully submitted,

/s/ *Maria A. Boelen.*
Joyce Ackerbaum Cox (*pro hac vice*)
**BAKER & HOSTETLER LLP**
SunTrust Center
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
T:  (407) 649-4000
F:  (407) 841-0168
jacox@bakerlaw.com

Maria A. Boelen
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
T:  (312) 416-6200
F:  (312) 416-6201
mboelen@bakerlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 5, 2019 she caused a true and correct copy of the foregoing **Defendant's Notice of Service of Subpoenas** to be served on the party below via email:

> **Jamie S. Franklin**
> **The Franklin Law Firm LLC**
> **53 W. Jackson Blvd., Suite 803**
> **Chicago, IL 60604**
> jsf@thefranklinlawfirm.com
>
> *Counsel for Plaintiff*

Maria A. Boelen
Maria A. Boelen

043859.000025 4826-1316-4206.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | | |
| | | |
| **Defendant.** | | |

### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     Apex Systems
4400 Cox Road, Suite 200
Glen Allen, VA 23060
(844) 463-6178

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
**(SEE EXHIBIT "A" ATTACHED)**

| Place: BAKER HOSTETLER, LLP | Date and Time: Friday, January 3, 2020 |
|---|---|
| One North Wacker Drive, Suite 4500 | 10:00 a.m. |
| Chicago, IL 60606-2841 | |

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 6, 2019

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

⁷ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

⁷ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

　**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　　**(i)** is a party or a party's officer; or
　　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

　**(2)** *For Other Discovery.* A subpoena may command:
　　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

　**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

　**(2)** *Command to Produce Materials or Permit Inspection.*
　　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

　**(3)** *Quashing or Modifying a Subpoena.*
　　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　　**(i)** fails to allow a reasonable time to comply;
　　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　　**(iv)** subjects a person to undue burden.
　　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

　**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

　**(2)** *Claiming Privilege or Protection.*
　　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　　**(i)** expressly make the claim; and
　　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

Mr. Diamond presented he worked for Apex from June 2012 to September 2015 as a Director, National Accounts in Chicago, Illinois, and listed Mathew Kehrer as his supervisor.

Please provide the following:

1. Documentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment;
2. Any and all documents reflecting any write-ups, written warnings, or other disciplinary action; and,
3. Documents related to grievances, complaints, and claims filed by Mr. Diamond.

**Please note:**

\*    **Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.**

\*\*    **You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:**

**Baker & Hostetler LLP**
**Attn:  Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*    **You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.**

043859.000025 4826-4753-9373.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | ) | |
| | | |
| **Defendant.** | | |

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:    Sikich
       1415 W. Diehl Road, Suite 400
       Naperville, IL 60563-2349
       (630) 566-8400

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
**(SEE EXHIBIT "A" ATTACHED)**

| **Place:** BAKER HOSTETLER, LLP<br>One North Wacker Drive, Suite 4500<br>Chicago, IL 60606-2841 | **Date and Time:** Friday, January 3, 2020<br>10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 6, 2019

*CLERK OF COURT*

_____          OR          _____
   Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ⌐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

      ⌐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                     _____
                                                    *Server's signature*

                                     _____
                                              *Printed name and title*

                                     _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT "A"**</u>

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

Mr. Diamond presented he worked for Sikich from January 2011 to May 2012 as a National Director, CRM in Naperville, Illinois, and listed Jim Drumm as his supervisor.

Please provide the following:

1. Documentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment;
2. Any and all documents reflecting any write-ups, written warnings, or other disciplinary action; and,
3. Documents related to grievances, complaints, and claims filed by Mr. Diamond.

<u>**Please note:**</u>

\*      **Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.**

\*\*      **You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:**

**Baker & Hostetler LLP**
**Attn:  Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*      **You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.**

043859.000025 4837-7567-6077.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | | |
| | | |
| **Defendant.** | | |

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     CareerBuilder
        200 N. LaSalle Boulevard, Suite 1100
        Chicago, IL 60601
        (773) 527-3600

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        **(SEE EXHIBIT "A" ATTACHED)**

| **Place:** BAKER HOSTETLER, LLP<br>One North Wacker Drive, Suite 4500<br>Chicago, IL 60606-2841 | **Date and Time:** Friday, January 4, 2020<br>10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 6, 2019

*CLERK OF COURT*

_____          OR          _____
      *Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

⁷ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

⁷ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

Mr. Diamond presented he worked for CareerBuilder from June 2010 to December 2010 as a National Account Manager in Chicago, Illinois, and listed Bill Peterson as his supervisor.

Please provide the following:

1. Documentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment;
2. Any and all documents reflecting any write-ups, written warnings, or other disciplinary action; and,
3. Documents related to grievances, complaints, and claims filed by Mr. Diamond.

**Please note:**

\*      Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.

\*\*      You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:

> **Baker & Hostetler LLP**
> **Attn: Vicki B. Morris - Paralegal**
> **200 S. Orange Avenue, Suite 2300**
> **Orlando, Florida 32801**

\*\*\*      You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   **THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.**

043859.000025 4845-6597-4701.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN DIAMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: 1:19-cv-03039** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIEMENS INDUSTRY, INC.,** | | |
| | | |
| **Defendant.** | | |

### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

To:     WDRV 97.1 The Drive
        One Prudential Plaza
        130 E. Randolph Street, Suite 2700
        Chicago, IL 60601
        (312) 274-9710

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        **(SEE EXHIBIT "A" ATTACHED)**

| **Place:** BAKER HOSTETLER, LLP<br>One North Wacker Drive, Suite 4500<br>Chicago, IL 60606-2841 | **Date and Time:** Friday, January 3, 2020<br>10:00 a.m. |
|---|---|

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 6, 2019

          *CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Siemens Energy, Inc., who issues or requests this subpoena, is: Joyce Ackerbaum Cox, admitted *pro hac vice*, Baker & Hostetler, LLP, 200 S. Orange Avenue, Ste. 2300, Orlando, FL 32801; jacox@bakerlaw.com; (407) 649-4000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ⌐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

      ⌐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                         _____
                                                  *Server's signature*

                                         _____
                                                *Printed name and title*

                                         _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

| | |
|---|---|
| **Name of Employee:** | **Justin Diamond** |
| **Date of Birth:** | **May 15, 1980** |
| **Social Security Number of Employee:** | **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** |

Mr. Diamond presented he worked for WDRV 97.1 FM The Drive from January 2010 to May 2010 as a Senior Account Director in Chicago, Illinois, and listed Nick Lombardi as his supervisor.

Please provide the following:

1.  Documentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment;
2.  Any and all documents reflecting any write-ups, written warnings, or other disciplinary action; and,
3.  Documents related to grievances, complaints, and claims filed by Mr. Diamond.

**Please note:**

\*   **Baker & Hostetler LLP will be responsible for the copy costs.   Please advise if the cost of copying the documents will exceed $100.00.**

\*\*   **You may comply with this subpoena by providing legible copies of the items to be produced on or before the scheduled date of production, to:**

**Baker & Hostetler LLP**
**Attn:  Vicki B. Morris - Paralegal**
**200 S. Orange Avenue, Suite 2300**
**Orlando, Florida 32801**

\*\*\*   **You may mail or deliver the copies to Baker & Hostetler LLP and thereby eliminate your appearance at the time and place specified above.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.**

043859.000025 4818-1562-5389.1